# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN LYONS, on Behalf of Herself and All Others Similarly Situated,<br><br>              Plaintiff,<br><br>    vs.<br><br>COXCOM, INC., d/b/a COX COMMUNICATIONS, INC.; COX ENTERPRISES, INC.; AND DOES 1-250,<br><br>              Defendants. | CASE NO. 08-CV-2047-H (CAB)<br><br>**ORDER GRANTING JOINT MOTIONS FOR CERTIFICATION OF A SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br>[Doc. Nos. 81 & 84.] |

On April 6, 2010, Lead Plaintiff Lynn Lyons and Defendant Coxcom, Inc. ("Cox") filed a joint motion requesting: (1) preliminary approval of the proposed settlement; (2) certification of the proposed settlement class for settlement purposes only; (3) approval of the form and manner of giving notice of the proposed settlement to the Settlement Class; and (4) a date for the final fairness approval hearing. (Doc. No. 81.) The Court held a hearing on the matter on April 19, 2010. Hal Cunningham appeared on behalf of Plaintiffs. Mark Todzo appeared telephonically on behalf of Plaintiffs. Zuzana Ikels appeared telephonically on behalf of Defendant. The Court set the final fairness hearing for August 23, 2010, at 10:30 a.m. On April 20, 2010, parties filed a joint motion for an order granting provisional certification of a

settlement class and preliminary approval of class action settlement agreement, and submitted a proposed order setting relevant dates and deadlines based on the Court's setting the fairness hearing. (Doc. No. 84.) After considering the parties' motions and argument, the Court **GRANTS** the joint motions.

## Background

Plaintiff Lynn Lyons asserts California-wide class claims on behalf of all Coxcom, Inc. ("Cox") internet subscribers who purchased Cox's High Speed Internet Service (the "Service") and who used or attempted to use peer-to-peer ("P2P") file sharing applications. Plaintiff alleges that Defendant markets and offers its Service to residential customers. Plaintiff alleges that she is a California resident who uses the Service. Plaintiff alleges that Cox engaged in network management practice of interrupting P2P file sharing sessions by sending "re-set" packets to file sharers using its Service (the "Re-Set Practice"). Plaintiff alleges that Defendant violated California consumer protection laws by not adequately disclosing the Re-Set Practice, that its representations as to the speed of the Service were misleading because file-sharers using certain P2P applications could not achieve the represented speeds of the Service, and that the Re-Set Practice was otherwise unlawful, unfair, and deceptive. Plaintiff also alleges that the Re-Set Practice violated the subscriber contracts and the covenant of good faith and fair dealing. Cox denies these allegations and contends that its network management practices were fully disclosed in its contracts and its advertisements were fair and lawful.

Under the proposed settlement, the parties agree to certify a Settlement Class consisting of all Cox customers in California who signed up for the Service and who used P2P file sharing applications. Cox will agree to be bound by a two year injunction to not employ its Re-Set Practice. Cox will also clearly and conspicuously disclose its congestion management practices on its website, and alert subscribers to any material changes to its congestion management practices. Cox will pay for the dissemination of notice to the Class and reimburse a portion of plaintiffs' reasonable attorneys' fees and costs, subject to Court approval, but which shall not exceed $200,000. Cox will also pay the Lead Plaintiff, Ms. Lyons, a maximum amount of $1,000 as compensation for the time and expense incurred as class representative.

Cox, in turn, will receive a release of all claims relating to (1) its re-set Practice; (2) its advertising and disclosures with respect to P2P file sharing; and (3) other allegedly deceptive conduct relating to Cox's alleged "hiding" of its re-set practice from subscribers.

## **Discussion**

### I.  Rule 23 and Class Action Settlement

Parties may settle a class action before class certification and agree that a defined class be conditionally certified for settlement purposes. See, e.g., Molski v. Gleich, 318 F.3d 937 (9th Cir.2003).  A conditionally-certified class must still satisfy Rule 23(a) and (b) requirements. See id.  Deciding whether to approve a proposed class action settlement is generally a two-step process.  At the preliminary approval stage, the court "should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)."  Fed. Judicial Ctr., Manual for Complex Litigation, § 21.633 (4th ed.2004).  The court then approves the form and manner of notice and sets a final fairness hearing, where it will make a final determination on the fairness of the class settlement.  See id.

A court may approve a settlement that would bind class members only after a final fairness hearing and finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. Proc. 23(e)(2); see Class Plaintiffs v. Seattle, 955 F.2d 1268, 1276 (9th Cir.1992).  When approving a settlement, a court must ensure that notice is made in a "reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. Proc. 23(e)(1).  To make the ultimate determination of whether a settlement is fair, reasonable and adequate requires evaluating several factors, including:

> strength of plaintiff's case; the risk, expense[,] complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir.1993). Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair. Nat'l Rural Telcoms. Coop. v. Directv, Inc., 221 F.R.D. 523, 528 (C.D. Cal. 2004).

After reviewing the Second Amended Complaint, the joint motion and the Settlement Agreement, **IT IS HEREBY ORDERED THAT**:

1. All terms and definitions used herein have the same meanings as set forth in the joint motion.

2. The proposed settlement set forth in the joint motion is preliminarily approved as being within the range of reasonableness such that notice thereof should be given to members of the Class.

3. For purposes of determining whether the terms of the settlement should be finally approved as fair, reasonable and adequate, a Settlement Class is conditionally certified for purposes of this settlement as consisting of:

    > All current and former Cox internet subscribers in California who purchased Cox's High Speed Internet Service and who used or attempted to use Lawful and Permitted File-Sharing[1] during the Class Period. Excluded from the Class are the judge to whom this case is assigned, any member of the judge's immediate family, and the judge's staff and their immediate families.

4. Plaintiff is found to be adequate and is therefore appointed as representative of the Class and the following counsel are found to be adequate and are appointed as counsel for the Class:

    Christopher M. Burke, Esq.
    cburke@scott-scott.com
    Hal Cunningham, Esq.

---

[1] "Lawful and Permitted File-Sharing" means file sharing that does not violate the law, including copyright law, and does not violate Cox's acceptable use policies and terms of service.

hcunningham@scott-scott.com
600 B Street, Suite 1500
San Diego, CA 92101
Telephone:    619.233.4565

Mark N. Todzo, Esq.
mtodzo@lexlawgroup.com
Howard Hirsch, Esq.
hhirsch@lexlawgroup.com
1627 Irving Street
San Francisco, CA 94122
Telephone:    415.759.4111

5. If final approval of the settlement is not granted, this certification order, including the above description of the Settlement Class and appointment of the Class Representative and Class Counsel, shall be vacated and this action shall proceed as though the certification and appointments never occurred.

6. Pending final determination of whether the settlement should be approved, neither Plaintiff nor any member of the Class, whether directly, indirectly, representatively or in any other capacity shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the claims herein against Defendant herein.

7. The Notice of Pendency and Settlement of Class Action ("Class Notice"), which is attached to the Declaration of Richard Patch as Exhibit 2 (Doc. No. 81-2, Patch Decl., Ex. 2), is approved as to form. Defendant shall cause the Class Notice to be published in substantially the form attached as Exhibit 2 hereto as follows: (1) by including the notice in the next bill, which immediately follows the entry of the Preliminary Approval Order, that is sent to Cox's California subscribers of the Service, and (2) by publishing the notice to its high-speed internet subscribers on its website by **May 19, 2010**. The noticed posted on Cox's website shall remain posted for a period of 45 days, or until **July 5, 2010**,

1  whichever is earlier.

2  8. Tracking and reporting of class members who request exclusion shall be
3     compiled by Plaintiff and reported to the Court.

4  9. Defendant shall pay all costs associated with preparation and publication of the
5     Class Notice.

6  10. Defendant shall provide and bear the cost of notice to appropriate federal and
7      state officials as required by the Class Action Fairness Act of 2005, 28 U.S.C.
8      1715(b).[2]  Parties shall file proof of compliance with 28 U.S.C. § 1715(b) no
9      later than **May 19, 2010**.  Parties shall inform the Court of any response from
10     the appropriate federal or state officials regarding the notice of proposed
11     settlement no later than **10 days** after receipt of such response.

12 11. Defendant is directed to file with the Court and serve upon Class counsel, no
13     later than **June 19, 2010**, a declaration confirming that dissemination of the
14     Notice has taken place in accordance with this Order.

15 12. The Court finds that the dissemination of the Notice under the terms and in the
16     format provided for in the joint motion and this Order constitutes the best notice
17     practicable under the circumstances that it is due and sufficient notice for all
18     purposes to all persons entitled to such notice and that if fully satisfies the
19     requirements of due process and all other applicable laws.

20 13. The Court will hold a hearing (the "Fairness Hearing") on **August 23, 2010**, at
21     10:30 a.m., in the Honorable Marilyn L. Huff's court room, United States
22     District Court, Southern District of California, to determine whether the
23     proposed settlement of this action should be finally approved as fair, reasonable,

---

[2] The Class Action Fairness Act of 2005 ("CAFA") requires that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement." 28 U.S.C. § 1715(b). An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b). 28 U.S.C. § 1715(d).


and adequate and whether the Final Judgment approving the settlement and dismissing all claims asserted in the litigation on the merits and with prejudice should be entered. The Court will hear Class Counsel's application for attorneys' fees and costs concurrently with the Fairness Hearing. The Fairness Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the members of the Class.

14. Objections by any Class Member to the Stipulation of Settlement shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, by **July 5, 2010**, such objector files with the Clerk of the United States District Court, Southern District of California: (1) his, her or its objection and a statement of the basis for such objection; (2) if applicable, a Notice of Intention to Appear at the Fairness Hearing; (3) documentary proof that he, she or it is a member of the Class, and (4) serves copies of the foregoing and all other papers in support of such objections (including any briefs of declarations) on counsel for the parties identified in the Class Notice. In order to be considered for hearing, all objections must be actually received by class counsel identified in the Class Notice by **July 5, 2010**, at the following address:

> LEXINGTON LAW GROUP
> Mark N. Todzo, Esq.
> Eric S. Somers, Esq.
> Howard Hirsch, Esq.
> 1627 Irving Street
> San Francisco, CA  94122

A Class Member need not appear at the Fairness Hearing in order for his, her or its objection to be considered.

15. To be effective, all requests for exclusion from the Class must (1) be in writing, (2) comply with the provisions of and contain the information requested as set forth in the Class Notice, (3) be filed with the Court by **July 4, 2010**, and (4)

must be received by the above-listed counsel at the address provided above **July 4, 2010**.

16. The settlement on the terms and conditions of the joint motion with a Stipulation of Settlement filed concurrently with the parties joint motion for preliminary approval is preliminarily approved, but is not to be deemed an admission of liability or fault by Defendant or by any other party or person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any violation of law by Defendant. The settlement is not a concession and shall not be used as an admission of any fault or omission by Defendant or any other party or person.

17. Any Class Member may enter an appearance in the Action and/or may seek to intervene in the Action, individually or through the counsel of their choice at their expense. Class Members who do not enter an appearance and do not exclude themselves from the Class will be represented by class counsel.

18. Counsel for the parties are authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Stipulation.

19. Summary of Dates and Deadlines:

| | |
|---|---|
| Last Day for Defendant to complete dissemination of Notice | May 19, 2010 |
| Deadline for Class Member to object to the settlement | Received by counsel by July 5, 2010 |
| Deadline for Class Member to be excluded from the Class | Postmarked by July 5, 2010 |
| Last Day for Defendant to file and serve declaration confirming dissemination of Class Notice | June 19, 2010 |

| Fairness Hearing | August 23, 2010 at 10:30 a.m. |

**IT IS SO ORDERED.**

DATED: April 26, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT